UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | (30 CFR 2613A) |
| ) | |
| ALVIN BRENT LANEY, ) | Violation No. FBDI001L & |
| ) | Violation No. FBDI001M |
| ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS CHARGES AND MEMORANDUM OF LAW IN SUPPORT

Comes now, Defendant, by and through legal counsel, and moves for dismissal of the pending criminal case. Such motion is based on the lack of authority for Forest Service Officer Mandrake to effect a stop of Defendant Laney, detain him and issue a Violation Notice/Misdemeanor citation while Defendant was operating his motor vehicle on a US Highway, outside of a forest system road.

### STATEMENT OF FACTS

1.    Officer Mandrake, Badge No. 2220, is an employee and law enforcement officer with the United States Forest Service. Ex. 1, Violation Notice.

2.    On January 11, 2015, at approximately 2:23 p.m., Defendant Alvin Brent Laney was traveling on U.S. Highway 180.

3.    Officer Mandrake was also traveling on U.S. Highway 180.

4.    US Highway 180 is not a National Forest System Road pursuant to applicable regulations.

5.     Officer Mandrake attempted to stop Defendant Laney for allegedly for driving recklessly and in excess of posted speed limits.

6.     Because of the road design at the location of the attempted stop, Defendant continued to operate his motor vehicle until a safe location/turnout was reached.

7.     Defendant Laney pulled into a turnout based on Officer Mandrake's activation of lights. The turnout where Defendant Laney stopped his motor vehicle was also occupied by a local Deputy Sheriff Officer.

8.     Officer Mandrake detained Defendant Laney alleging he drove recklessly on a forest service road and evaded his arrest.

9.     Defendant Laney had actually passed Officer Mandrake and a slower moving vehicle in a passing area on US Highway 180.

10.    Officer Mandrake requested the Deputy Sheriff sign off on the motor vehicle citation. The Deputy refused to do so.

11.    Officer Mandrake issued a citation to Defendant Laney. Officer Mandrake's citation indicates a violation of "36 CFR 2613A." Ex. 1

## ARGUMENT

### I.     THE CITATION IS FATALLY FLAWED WARRANTING DISMISSAL

Trial of a misdemeanor may proceed on an indictment, information, or complaint, and trial of a "petty offense" may proceed "on a citation or violation notice." Fed. R.Crim. Pro. 58(b)(1); *See United States v. Dubiel*, 367 F.Supp.2d 822, 823 (D.Md.2005). "For petty offenses . . . a violation notice is the functional equivalent of an indictment or an information." *United States v. Moore*, 586 F.2d 1029, 1031 (4th Cir.1978); *United States v. Johnson*, 131 F.Supp.2d 721, 723 (D.Md.2001). "[A]n

indictment is deemed constitutionally sufficient if it contains the essential elements of the offense intended to be charged, sufficiently apprises the accused of what she must be prepared to defend against, and enables the accused to plead an acquittal or conviction ... as a bar to ... subsequent prosecution." *United States v. Russell,* 369 U.S. 749, 763 (1962); *United States v. Lopez-Alvarez,* 970 F.2d 583, 596 (9th Cir.1992); *cf. Dubiel,* 367 F.Supp.2d at 825-27 (discussing indictments, information, and citation/violation notices and holding that "the violation notice sufficiently apprised the defendant of the charges brought against him such that he could make an informed decision in entering a plea."). If an indictment fails to allege an essential element of the offense charged, and objection is properly made prior to trial, then the indictment is considered fatally flawed and dismissal is required. *Omer,* 395 F.3d at 1088.

Here, the Violation Notice issued to Defendant Laney on January 11, 2015, lists 36 C.F.R. § 261.3(a) as the sole offense in question. Ex. 1. The Violation Notice lists the date, time, and place of the offense, and gives a description of the offense consisting only of "resisting any forest officer failure to stop." *Id.* The Violation Notice is utterly bereft of any statement establishing probable, or the alleged act(s) giving rise to the asserted offense of "resisting any forest officer" charge. Likewise, the Violation Notice is bereft of any description of the actions, events, conduct or other information as to how the regulation was violated. Quite simply, the Violation Notice contains no statement of probable cause nor has the government produced such.

The information contained in Notice of Violation and statement of probable cause is sufficient if it lists the regulation that was allegedly violated and contains the elements of the offense, provides an adequate description of how that regulation was violated,

enables a defendant to mount a defense, and would act as a bar to further prosecution. *See Russell*, 369 U.S. at 763; *and see United States v. Nolder*, 2006 WL 1686513, at *3 (E.D. Cal. June 19, 2006) aff'd, 231 F. App'x 554 (9th Cir. 2007); *Lopez-Alvarez*, 970 F.2d at 596; *see also Dubiel*, 367 F.Supp.2d at 825-27.

In the present matter, the United States has failed to meet the minimum requirements of notice and has violated Defendant Laney's Constitutional rights. Outside of the reading at the arraignment, Defendant has received no information regarding the underlying basis of the charge by which to defend himself. As such, the Notice of Violation is fatally flawed and dismissal is required.

I. **FOREST SERVICE OFFICERS ARE LIMITED IN THEIR AUTHORITY TO MAKE ARRESTS AND ISSUE MOTOR VEHICLE VIOLATIONS/CITATIONS.**

Congress derives legislative authority to criminalize acts perpetrated in national forests from the Federal Enclave Clause, Art. I, § 8, cl. 17; the Property Clause, Art. IV, § 3, cl. 2; and the Interstate Commerce Clause, Art. I, § 8, cl. 3. *United States v. Gabrion*, 517 F.3d 839, 858 (6th Cir. 2008) (concurring opinion). Even if Congress has Constitutional authority to exercise legislative jurisdiction, it may limit its jurisdiction and that of the courts via specific statutes. Thus, the salient question in this case is to what extent does a Forest Service officer have authority to make arrests and issue citations in the pending instance.

The federal government, either by the President pursuant to the Creative Act of 1891, 16 U.S.C. § 471, 26 Stat. 1103, § 24 (Mar. 3, 1891) (*repealed* Oct. 21, 1976), or the Secretary of Agriculture pursuant to the Weeks Act, 16 U.S.C. § 521, 36 Stat. 963, § 11 (Mar. 1, 1911) has designated certain federally owned lands as "national forests." In

providing for the designation of these national forests, Congress also prescribed the division of state and federal jurisdiction:

> The jurisdiction, both civil and criminal, over persons within national forests shall not be affected or changed by reason of their [i.e., the national forests'] existence, except so far as the punishment of offenses against the United States therein is concerned; the intent and meaning of this provision being that the State wherein any such national forest is situated shall not, by reason of the establishment thereof, lose its jurisdiction, nor the inhabitants thereof their rights and privileges as citizens, or be absolved from their duties as citizens of the State.

16 U.S.C. § 480 (codifying the Organic Act, 30 Stat. 36, § 1 (June 4, 1897) (captioned "Civil and criminal jurisdiction."); reenacted under the Weeks Act, 36 Stat. 963, § 12 (Mar. 1, 1911) (captioned "State jurisdiction not affected. Offenses against the United States excepted.")). United States v. Gabrion, 517 F.3d 839, 852 (6th Cir. 2008). The predecessor section for civil and criminal jurisdiction, which eventually became 16 U.S.C. § 480, was drafted per the sentiment of the time, *i.e.* that a traditional federal enclave was effectively "a state within a state," *see Howard v. Comm'rs of Sinking Fund*, 344 U.S. 624, 627, 73 S.Ct. 465, 97 L.Ed. 617 (1953), United States v. Gabrion, 517 F.3d 839, 852 (6th Cir. 2008)

While precedent suggests that § 480 provides for concurrent federal and state legislative jurisdiction over *national forests*, it does not generally provide law enforcement authority to Forest Service Officers outside of the national forests. Section 480 has two distinct clauses:

> The jurisdiction, both civil and criminal, over persons within national forests shall not be affected or changed by reason of their existence, except so far as the punishment of *offenses against the United States* therein is concerned;

The second clause of this provision is of relevance in the pending matter. "It has long been established that the words 'offense against the United States' encompass all

offenses against the laws of the United States, not just offenses directed at the United States as target or victim." *United States v. Gibson*, 881 F.2d 318, 321 (6th Cir.1989) (citing *Radin v. United States,* 189 F. 568, 571-72 (2d Cir.1911); *Thomas v. United States,* 156 F. 897, 900-01 (8th Cir.1907)); *accord Cotton v. United States,* 52 U.S. 229, 231, 11 How. 229, 13 L.Ed. 675 (1850) (explaining that offenses against the United States are those which are defined by congressional statute); *United States v. Gill,* 204 F.2d 740, 742 (7th Cir.1953) (reasoning that Congress, when enacting Title 18, meant "crimes against the United States" to mean "offenses which Congress had defined and for which Congress had fixed a penalty"); *cf.* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); 28 U.S.C. § 547(1) ("each United States attorney, within his district, shall-prosecute for all offenses against the United States"); U.S. Const., Art. II, § 2, cl. 1 (the President has the "Power to grant Reprieves and Pardons for Offenses against the United States").

Consequently, a review of the applicable jurisdiction of Forest Service Officers shows that such officers only have jurisdiction over Forest Service lands and for crimes/offenses against the United States. Officer Mandrake's issuance of a criminal citation to Defendant falls well outside these jurisdictional parameters.

## II. FOREST SERVICE OFFICER MANDRAKE EFFECTED A STOP, DETAINMENT AND ISSUANCE OF A VIOLATION NOTICE/ MISDEMEANOR CITATION OUTSIDE OF FOREST SERVICE JURISDICTION AND AUTHORITY.

Defendant Laney was peacefully operating his motor vehicle on US Highway 180 on January 11, 2015. While traveling on this county road, Defendant Laney approached a slower moving vehicle and Officer Mandrake's vehicle, used his signal indicators, and

passed the vehicles in a passing zone identified by a dashed yellow line. Forest Officer Mandrake observed this conduct, and sought to stop Defendant Laney for his conduct, to whit, an allegedly driving in a reckless manner in excess of posted speed limits.

Because of the road conditions where Officer Mandrake sought to stop Defendant, he continued to operate his vehicle until reaching a safe turnout approximately one mile ahead. A Deputy Sheriff with the Catron County Sheriff's Office was parked at this same turnout. Officer Mandrake issued a Violation Notice to Defendant, citing a violation of "36 CFR 2631A." Officer Mandrake also requested that the Deputy Sheriff sign off on the citation. The Sheriff declined to do so, however. Despite this, Officer Mandrake still issued a violation to Defendant.

Forest Service Officers have limited authority for investigations, arrests and issuance of citations. Thus, the United States must establish that the Forest service has regulatory authority in a given situation, *i.e.* does the Forest Service or its employee have jurisdiction to enforce its regulations and to initiate a traffic stop – in this instance on US 180 stemming from an alleged improper pass in the area Officer Mandrake alleges gives rise to the subsequently cited violation. Put another way, did Officer Mandrake have probable cause to effect a traffic stop of Defendant Laney on US 180 and the authority to do so. Here, he did not.

When Office Mandrake allegedly observed Defendant Laney, the latter was on a US Highway, not a forest system road. 36 C.F.R. § 261.2 states in pertinent part:

> National Forest System road. A forest road *other than a road which has been authorized by a legally documented right-of-way held by a State, county, or other local public road authority.*

36 CFR 261.2 (emphasis added).

While not accurately cited in the citation, it is likely that the alleged violation issued by Officer Mandrake was intended to be 36 C.F.R. 261.3(a). This section provides that:

> The following are prohibited:
> (a) Threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System is prohibited.

36 C.F.R. 261.3(a). The purpose of 36 C.F.R. § 261.3(a) is to "regulate the use of the National Forests and to preserve them from destruction." *United States v. Wilfong*, 274 F.3d 1297, 1301 (9th Cir.2001).

Federal Courts have held that under 36 C.F.R. § 261.3(a), "interference" means to "oppose, intervene, hinder, or prevent." *United States v. Willfong*, 274 F.3d 1297, 1301 (2001). In order to establish a violation of 36 C.F.R. § 261.3(a), the United States must prove the following elements beyond a reasonable doubt: (1) that the Defendant did interfere; (2) with a forest service officer; (3) engaged in the performance of his official duties in the protection or administration of National Forest Land. *United States v. Parker*, No. PO-12-4001-JPH, 2012 WL 3027941, at *4 (E.D. Wash. July 19, 2012)

For purposes of 36 C.F.R. § 261.3(a), a forest officer is performing an 'official duty' when the officer is on duty and performing an act that contributes to the protection, improvement, or administration of the National Forest." *United States v. Willfong*, 274 F.3d 1297, 1300 (9th Cir.2001) (citing *United States v. Ryberg*, 43 F.3d 1332, 1334 (9th Cir.1995)). 2011 WL 837049 (E.D.Cal.), 3

Similar to how one does not have a right to resist arrest, "so long as [the officer] is performing official duties in the administration of the Forest Service, 36 C.F.R. §

8

261.3(a) prohibits anyone from interfering with those duties." *Wilfong*, 274 F.3d at 1300-01. "The terms "threatening," "resisting," "intimidating," and "interfering" are listed disjunctively "so that proof of any one of the acts alone constitutes an offense." *Bucher*, 375 F.3d at 933; *Wilfong*, 274 F.3d at 1303; *Hoff*, 22 F.3d at 223. The Ninth Circuit applies the "common meaning" of "interfere" for purposes of § 261.3(a). *See Wilfong*, 274 F.3d at 1301. Accordingly, to "interfere" means to "oppose, intervene, hinder, or prevent." *Id.* Physical force is not a required element of "interference" for purposes of § 261.3(a). *Id.* at 1302. United States v. Nolder, No. CRF050094 AWI, 2006 WL 1686513, at *3 (E.D. Cal. June 19, 2006) aff'd, 231 F. App'x 554 (9th Cir. 2007).

The argument is two-fold: (1) is US Highway 180 conveyed to the public for "public road purposes" and is not subject to regulation by any other governmental entity; and (2) even if the Forest Service has concurrent or other jurisdiction over the road to enforce Forest Service regulations there is no showing that jurisdiction is appropriate for the protection of Federal property under the facts of this case. *See also United States v. Parker*, No. PO-12-4001-JPH, 2012 WL 3027941, at *5 (E.D. Wash. July 19, 2012)

Absent US Highway 180 being a "forest service road," Officer Mandrake had no authority to effect a stop of Defendant Laney for an alleged improper pass. The underlying basis of the Officer's stop is suspicious, at best, and per se unreasonable. As an experienced forest service officer in the location where he stopped Defendant, Officer Mandrake knew or should have known that he did not have authority to stop and detain Defendant for the underlying motor vehicle operation violation.

The reasonableness of the law enforcement officer's need to detain an individual for questioning must be balanced against the defendant's Fourth Amendment rights.

Every individual has a constitutional right to be free from arbitrary or unreasonable stops by law enforcement. See, e.g., *United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Officer Mandrake's stop of Defendant was just not reasonable under the Circumstances.

## CONCLUSION

The Notice of Violation issued to Defendant Laney by Officer Mandrake is fatally flawed and the government's case must be dismissed. Alternatively, because Officer Mandrake did not have authority or probably caused to effect a stop and detainment of Defendant, this case must similarly be dismissed.

Respectfully submitted this14th day of May, 2015.

>*/s/ Dori E. Richards, Esq.*
>Dori E. Richards, Esq.
>dorierichards@gmail.com
>(505)750-3060
>
>*/s/ A. Blair Dunn, Esq.*
>A. Blair Dunn, Esq.
>abdunn@ablairdunn-esq.com
>(505)750-3060
>
>*Attorneys for Plaintiff*
>Western Agriculture, Resource and
>   Business Law Advocates
>1801 Rio Grande Blvd., Unit C
>Albuquerque, NM 87104

## CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2015, a true copy of the foregoing was filed with the court and served via email to the following:

United States District Court
District of New Mexico
CMECFLCmagjudges@nmcourt.fed.US

Alexander B. Shapiro
Assistant United States Attorney
United States Attorneys Office
District of New Mexico
555 S. Telshor, Suite 300
Las Cruces, NM 87103
Alexander.shapiro@usdoj.gov

# United States District Court Violation Notice

CVB Location Code: B6

Violation Number: FBDI001K
Officer Name: MANDRICK
Officer No.: 2220

FBDI001K

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

Date and Time of Offense (mm/dd/yyyy): 01/11/2015  14:23
Offense Charged: FED  36CFR  2613A

Place of Offense: US 180 @ MM 19

Offense Description Factual Basis for Charge: RESISTING ANY FOREST OFFICER, FAILURE TO STOP
HAZMAT ☐

## DEFENDANT INFORMATION
Phone: (   )
Last Name: LANEY
First Name: ALVINBRENT
M.I.:
Street Address: 176 LUNA VALLEY DR
City: LUNA
State: NM
Zip Code: 87824
Date of Birth (mm/dd/yyyy): 08/06/1987
Drivers License No: 500462825
CDL ☐
D.L. State: NM
Social Security No:

☒ Adult ☐ Juvenile   Sex ☒ M ☐ F   Race:   Hair:   Eyes: BRO   Height: 6' "   Weight: 210

## VEHICLE
VIN:   CMV ☐
Tag No: MJF514
State: NM
Year: 2004
Make/Model: FORD
PASS ☐
Color: TAN

A ☒ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT. SEE INSTRUCTIONS (opposite)
B ☐ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT. SEE INSTRUCTIONS (opposite)

Forfeiture Amount: $25.00
Processing Fee:
Total Collateral Due:

PAY THIS AMOUNT →

## YOUR COURT DATE
(if no court appearance date is shown, you will be notified of your appearance date by mail.)

Court Address: 100 church street, Las Cruces, NM
Date (mm/dd/yyyy):
Time (hh:mm):

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

X Defendant Signature

Defendant Copy For Your Records

## INSTRUCTIONS
- KEEP THIS COPY FOR YOUR RECORDS -

A. If BOX A on the face of this Violation Notice is checked, YOU MUST APPEAR IN COURT at the date, time and place shown. If no date, time and place are shown then you will be notified by mail of when and where to appear. You must notify the Central Violations Bureau (CVB) in writing if you change your address. If you have not received a "Notice to Appear" within 45 days, call the CVB at 800-827-2982.

B. If BOX B is checked on the face of this Violation Notice, YOU MUST DO ONE OF THE FOLLOWING:

1. PAY A FIXED SUM IN LIEU OF APPEARING IN COURT. If you wish to end your case without appearing in court, submit payment by check, money order, or credit card. Use the enclosed envelope. Include the stub from the Violation Notice with your payment. DO NOT SEND CASH. Write the violation number and location code that appear on the top front portion of the Violation Notice on your check or money order and make it payable to the "Central Violations Bureau." Alternatively, you may submit payment on-line at www.cvb.uscourts.gov. Make your payment within 30 days.

By paying the amount due you may be admitting to a criminal offense and a conviction may appear in a public record with adverse consequences to you. You have a right to know more about the charge against you and may obtain a complete statement of the charge by calling the Central Violations Bureau at 800-827-2982. By paying the amount due you waive your right (1) to contest this violation notice, (2) to a trial, and (3) to be represented by counsel.

If you are charged with a motor vehicle violation, your payment may be reported to your state's motor-vehicle or driver-licensing agency. As a result, points may be assessed against your driving record, your license or registration may be suspended, and additional fees may be imposed by your state. A drivers-education course may be an option to avoid these consequences. If you are interested in a driver education course, do not pay the amount due. Call the Central Violations Bureau at 800-827-2982 for further information.

OR

2. APPEAR IN COURT. If a date, time, and place for you to appear in court is shown on the front of this Violation Notice, you must appear in court at that time. If no date is shown, you will be notified by mail of the date and time to appear. You must notify the Central Violations Bureau in writing if you change your address. If you have not received a "Notice to Appear" within 45 days, call the Central Violations Bureau at 800-827-2982. If you appear before the court and plead guilty, or are convicted after trial, the court may impose any penalty the law authorizes, not limited to the amount due shown on the violation notice, and will add a special assessment of $5, 10, or $25 for each offence.

## NOTICE

If you fail to pay the amount due or to appear in court on the date and time scheduled, the United States District Court may issue a summons ordering you to appear or issue a warrant for your arrest. If you are charged with a motor vehicle violation, the court may also report your failure to pay or appear to your state's motor-vehicle or driver-licensing agency, which may affect your driving privileges, or your vehicle registration, or both.

Payment address:
Central Violations Bureau
P.O. Box 71363
Philadelphia, PA 19176-1363
Phone Number 800-827-2982

Correspondence address:
Central Violations Bureau
P.O. Box 780549
San Antonio, TX 78278-0549
Website: www.cvb.uscourts.gov

# United States District Court Violation Notice

| | |
|---|---|
| CVB Location Code | B6 |
| Violation Number | FBDI001K |
| Officer Name | MANDRICK |
| Officer No. | 2220 |

FBDI001K

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged | | |
|---|---|---|---|
| 01/11/2015  14:23 | FED | 36CFR | 2613A |

Place of Offense: US 180 @ MM 19

Offense Description: Factual Basis for Charge
RESISTING ANY FOREST OFFICER, FAILURE TO STOP

HAZMAT ☐

### DEFENDANT INFORMATION

Phone (   )

| Last Name | First Name | M.I. |
|---|---|---|
| LANEY | ALVINBRENT | |

Street Address: 176 LUNA VALLEY DR

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| LUNA | NM | 87824 | 08/06/1987 |

| Drivers License No | CDL | D L State | Social Security No |
|---|---|---|---|
| 500462825 | ☐ | NM | |

☒ Adult ☐ Juvenile  Sex ☒ M ☐ F

| Race | Hair | Eyes | Height | Weight |
|---|---|---|---|---|
| | | BRO | 6' " | 210 |

### VEHICLE

VIN:   CMV ☐

| Tag No | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|
| MJF514 | NM | 2004 | FORD | | TAN |

A ☒ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT.
SEE INSTRUCTIONS (opposite)

B ☐ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT.
SEE INSTRUCTIONS (opposite)

Forfeiture Amount
$25.00  Processing Fee
PAY THIS AMOUNT → Total Collateral Due

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

Court Address:
100 church street
Las Cruces, NM

Date (mm/dd/yyyy):
Time (hh:mm):

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

X Defendant Signature _____

Payment Copy

## INSTRUCTIONS

If BOX A on the face of this Violation Notice is checked, YOU MUST APPEAR IN COURT at the date, time and place shown. If no date, time and place are shown then you will be notified by mail of when and where to appear. You must notify the Central Violations Bureau (CVB) in writing if you change your address. If you have not received a "Notice to Appear" within 45 days, call the CVB at 800-827-2982.

If BOX B is checked on the face of this Violation Notice, YOU MUST DO ONE OF THE FOLLOWING:

1. PAY A FIXED SUM IN LIEU OF APPEARING IN COURT. If you wish to end your case without appearing in court, submit payment by check, money order, or credit card. Use the enclosed envelope. Include the stub from the Violation Notice with your payment. DO NOT SEND CASH. Write the violation number and location code that appear on the top front portion of the Violation Notice on your check or money order and make it payable to the "Central Violations Bureau." Alternatively, you may submit payment on-line at www.cvb.uscourts.gov. Make your payment within 30 days.

   By paying the amount due you may be admitting to a criminal offense and a conviction may appear in a public record with adverse consequences to you. You have a right to know more about the charge against you and may obtain a complete statement of the charge by calling the Central Violations Bureau at 800-827-2982. By paying the amount due you waive your right (1) to contest this violation notice, (2) to a trial, and (3) to be represented by counsel.

   If you are charged with a motor vehicle violation, your payment may be reported to your state's motor-vehicle or driver-licensing agency. As a result, points may be assessed against your driving record, your license or registration may be suspended, and additional fees may be imposed by your state. A drivers-education course may be an option to avoid these consequences. If you are interested in a driver education course, do not pay the amount due. Call the Central Violations Bureau at 800-827-2982 for further information.

   OR

2. APPEAR IN COURT. If a date, time, and place for you to appear in court is shown on the front of this Violation Notice, you must appear in court at that time. If no date is shown, you will be notified by mail of the date and time to appear. You must notify the Central Violations Bureau in writing if you change your address. If you have not received a "Notice to Appear" within 45 days, call the Central Violations Bureau at 800-827-2982. If you appear before the court and plead guilty, or are convicted after trial, the court may impose any penalty the law authorizes, not limited to the amount due shown on the violation notice, and will add a special assessment of $5, 10, or $25 for each offence.

## NOTICE

If you fail to pay the amount due or to appear in court on the date and time scheduled, the United States District Court may issue a summons ordering you to appear or issue a warrant for your arrest. If you are charged with a motor vehicle violation, the court may also report your failure to pay or appear to your state's motor-vehicle or driver-licensing agency, which may affect your driving privileges, or your vehicle registration, or both.

Payment address:
Central Violations Bureau
P.O. Box 71363
Philadelphia, PA 19176-1363
Phone Number 800-827-2982

Correspondence address:
Central Violations Bureau
P.O. Box 780549
San Antonio, TX 78278-0549
Website: www.cvb.uscourts.gov