# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:15-po-00062-GBW |
| | ) | |
| ALVIN BRENT LANEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS CHARGES AND MEMORANDUM OF LAW IN SUPPORT

Comes now, Defendant, by and through legal counsel, and files this Reply in Support of his Motion to Dismiss.

## BACKGROUND

Forest Officer Mandrick, Badge No. 2220, stopped Defendant on Highway 180, on January 11, 2015. At the time of the stop, he issued only one citation, an alleged violation of "36 CFR 2613A." (*See* Doc. 6, Ex. 1) Subsequently during arraignment, Defendant was provided with an additional misdemeanor charge of violating 36 C.F.R. § 263.54(f). *See* Doc. 7 at 3.

Defendant filed his Motion to Dismiss both charges on May 14, 2015, based on the identified Forest Service Officer's lack of authority to effect the underlying stop of Defendant. Subsequent to filing Defendant's original Motion, the Plaintiff United States filed superseding Information on June 22, 2015, again changing the charges against Defendant. *See* "Information," Doc. 1. By the superseding charges, Plaintiff dismissed the charge of "operating a vehicle carelessly/wrecklessly[sic]. *See* Doc. 7 at 3.

The Charge of "resisting any forest officer" flows from the underlying stop of "operating a vehicle carelessly/wrecklessly [sic]" in that without having a legitimate basis to effect the stop of Defendant in the first instance, the former (secondary) charge of resisting cannot stand. Plaintiff modified the charges against Defendant this third time via the "Information" due to its inability to overcome the charging deficiencies, lack of authority for the stop as argued in Defendant's Motion.

In addition, Plaintiff United States in its Response admits that:

> Officer Mandrick did not cite Defendant with "failing to stop a vehicle when directed to do so by a Forest Officer" pursuant to 36 C.F.R. § 261.10(m). However, the United States would note that fatal jurisdictional flaw in the charge which was filed on June 12, 2015 as count two of the information in this matter."

Thus, based on the superseding Information and the admission of a fatal flaw as to Count 2 therein, it appears that Plaintiff United States is now abandoning the Charge of violating 36 C.F.R. 261.10(m) as well as the previously dismissed section 261.54(f).[1]

## ARGUMENT

While Plaintiff United States does not want to concede that Highway 180 is not a "National Forest System road" (Doc. 7 at 9) it has failed to adduce any evidence in response to Defendant's Motion to Dismiss to show, establish or support in any way that Highway 180 is a Forest Service road within the meaning of 36 C.F.R. 261.2. Indeed, despite being afforded an extension of time to search and present such evidence, the Department of Agriculture was unable to establish any basis for its jurisdiction to effect the stop of Defendant on January 11, 2015, while he was traveling on Highway 180. It is this very deficiency that lead Plaintiff United

---

[1] It is, indeed, difficult for a Defendant to understand the charges against him, let alone mount an appropriate defense when the United States cannot itself even determine what misdemeanor charge(s) to levy for which it can muster some authority or jurisdiction.

States to seek a different charge in an effort to create authority to perform a stop when such authority was otherwise lacking.

Plaintiff United States wistfully argues in this case, that Officer Mandrick had authority to stop Defendant on a state/county road because the highway happened to go through a National Forest. This argument is not only inconsistent with the canons of construction, but also inconsistent with Forest Service regulations. Section 261.1 provides that the prohibitions in this section apply when:

> **(1)** An act or omission occurs in the National Forest System or on a National Forest System road or trail.
> **(2)** An act or omission affects, threatens, or endangers property of the United States administered by the Forest Service.
> **(3)** An act or omission affects, threatens, or endangers a person using, or engaged in the protection, improvement or administration of the National Forest System or a National Forest System road or trail.

36 C.F.R. 261.1(a). Based on this language, Plaintiff United States argues that Officer Mandrick had authority to stop Defendant because his "acts occurred in the National Forest." This argument fails because it violates that most basic rules of statutory construction and evinces an intent of the Agency to reinterpret the regulation inconsistent with applicable law solely to serve its intended purpose/prosecution in this case. Such interpretation cannot stand.

"[C]anons of construction are [ ] rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted). The most basic of these

3

canons is that courts should "give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883). The modern variant of this rule is that statutes should be construed "so as to avoid rendering superfluous" any statutory language. *Astoria Federal Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991); *Sprietsma v. Mercury Marine*, 537 U.S. 51, 63 (2003) (interpreting word "law" broadly could render word "regulation" superfluous in preemption clause applicable to a state "law or regulation"). *See also Bailey v. United States*, 516 U.S. 137, 146 (1995) ("we assume that Congress used two terms because it intended <u>each term to have a particular, nonsuperfluous meaning</u>") (rejecting interpretation that would have made "uses" and "carries" redundant in statute penalizing using or carrying a firearm in commission of offense).

In the present matter, Plaintiff United States has reinterpreted its own regulations contrary to these canons of construction, and in a manner that would render the term "or on a National Forest System road" superfluous, redundant and without any meaning. If a Forest Service officer had authority to effect a stop for any reason on any road that ran through a National Forest – despite such road being established as a county or state road – the inclusion of "National Forest System road" in section 261.1 would be unnecessary. This is so because the use of the phrase "National Forest System" would then be sufficient to confer authority and jurisdiction on such Forest Service officers in any part of a National Forest regardless of a road's separate status. Two terms were included in section 261.1, and both terms must be given substantive effect. Moreover, resistance to treating statutory words as mere surplusage, *i.e.* the impact of Plaintiff United States

4

novel interpretation in its Response, "should be heightened when the words describe an element of a criminal offense." *Ratzlaf v. United States*, 510 U.S. 135, 140-41 (1994). Additionally, it also must be noted that Plaintiff United States interpretation is inconsistent with the Forest Service's own explanation of its road system at http://www.fs.fed.us/eng/road_mgt/qanda.shtml. On its own website, the Forest Service identifies that two different types of roads exist in National Forests: National Forest Service roads and State/County roads. *See Id.* ("5. Are there other roads within national forests that are not part of the Forest Service Road System? Yes. There are authorized roads within the system that are owned and managed by States and counties as well as roads permitted to private individuals.")

Finally, Plaintiff United States suggests that *United States v. Parker* 761 F.3d 986 (9th Cir. 2014) supports its argument that a Forest Service officer may effect a stop on *any* road that runs through a National Forest. Plaintiff's argument is unavailing.

First, the 9th Circuit decision referenced is merely persuasive authority, if it were on point with the pending matter. It is not.

At issue in *Parker* was the interpretation of section 261.1(a)(2) as it directly related to activity performed by the defendant *on* National Forest land – in that instance the operation of a snowmobile business using off-road Forest land that the U.S. Forest Service administers. *See United States v. Parker*, 761 F.3d 986, 990 (9th Cir. 2014). Because the Forest Service's enforcement actions in Parker's case related to the "protect[ion of] NFS lands underlying routes" or the "regula[tion of] use," the Forest Service retained jurisdiction over those activities whether or not the road was a National Forest System road. There is no similarity between the underlying issue in *Parker* and the

pending case, as there is no nexus to the protection of the Forest or regulation of Forest lands at issue in the present matter. Because there is no implication for National Forest land underlying the stop of Defendant by Forest Officer Mandrick, *Parker* is not persuasive in this instance. *United States v. Parker*, 761 F.3d at 990.

Lastly in *Parker*, the Court noted additional Forest Service jurisdiction for the underlying charges because "Parker's activities [ ] took place 'in the National Forest System' for the purposes of § 261.1(a)(1). Roberson encountered Parker on the Highway, but Parker led a group of his clients 'further into the National Forest on snowmobiles.'" Because the "commercial or work activity" was "done by the delivery of multiple customers and snowmobiles *to National Forest land at the side of the Salmon la Sac highway*" a sufficient nexus to protection of the Forest Service lands was found. *United States v. Parker*, 761 F.3d at 990-91.

Plaintiff United States attempts to create authority for the underlying stop of Defendant in the pending matter using section 261.1(a)(1). There is insufficient evidence to establish the type of nexus to Defendant's actions and Forest Service land administration to find jurisdiction per section 261.1 in this case.

## CONCLUSION

Plaintiff United States has adduced no evidence to establish its authority over highway 180 to effect a stop of Defendant and charge him with a misdemeanor violation in the pending matter. Additionally, the mere fact that highway 180 – a County road - runs through National Forest does not confer such jurisdiction per 36 C.F.R. 261.1. Consequently, this case must be dismissed.

Respectfully submitted this 29th day of June, 2015.

>*/s/ Dori E. Richards, Esq.*
>Dori E. Richards, Esq.
>dorierichards@gmail.com
>(505)750-3060
>
>*/s/ A. Blair Dunn, Esq.*
>A. Blair Dunn, Esq.
>abdunn@ablairdunn-esq.com
>(505)750-3060
>
>*Attorneys for Plaintiff*
>Western Agriculture, Resource and
>   Business Law Advocates
>1801 Rio Grande Blvd., Unit C
>Albuquerque, NM 87104

## CERTIFICATE OF SERVICE

I hereby certify that, on June 29, 2015, a true copy of the foregoing was filed with the court via CM/ECF, and to the following:

Alexander B. Shapiro
Assistant United States Attorney
United States Attorneys Office
District of New Mexico
555 S. Telshor, Suite 300
Las Cruces, NM 87103
Alexander.shapiro@usdoj.gov