IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

  Plaintiff,

vs.                                              Case No.  2:15-po-00062 LAM

**ALVIN BRENT LANEY,**

  Defendant.

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CHARGES

**THIS MATTER** is before the Court on Defendant's *Motion to Dismiss Charges and Memorandum of Law in Support (Doc. 2)*, filed May 15, 2015.  After receiving two extensions of time to respond (*see Docs. 4* and *6*), the United States filed a response to the motion on June 22, 2015.  [*Doc. 7*].  On June 29, 2015, Defendant filed a reply to the motion [*Doc. 9*], and, on July 6, 2015, the United States filed an amended response [*Doc. 11*].[1]  Having considered the motion, amended response, reply, the record of the case, and relevant law, the Court **FINDS** that Defendant's motion shall be **GRANTED** and the charges against Defendant shall be **DISMISSED**.

## Background

On January 11, 2015, United States Forest Service Officer Mandrick was traveling on U.S. Highway 180 at approximately 3:00 p.m.  *See* [*Doc. 11* at 2].  Officer Mandrick was on

---

[1] The Court notes that the United States' amended response is untimely and fails to comply with the Court's local rules requiring leave of Court to file a surreply.  *See* D.N.M.LR-Cr. 47.8(a) and (b).  Nevertheless, because the amended response has not been objected to, and because the revised response does not affect the Court's decision, the Court will consider the United States' amended response in lieu of its original response.

duty and traveling to the scene of an illegal dumping investigation.  Officer Mandrick states that he was traveling behind a silver station wagon, at approximately 50 miles per hour, which is the marked speed limit for that section of Highway 180.  *Id.*  Officer Mandrick states that he observed a brown Ford pickup truck driving up behind his vehicle at a high rate of speed, and that the truck began following Officer Mandrick at a distance of between approximately 30 and 40 feet for approximately four miles.  *Id.* at 2-3.  Officer Mandrick states that the truck passed the two vehicles in a no passing zone, without using its turn signals, and exceeded the speed limit to do so.  *Id.* at 3.  Officer Mandrick states that he then activated his emergency lights, the silver station wagon immediately pulled over, and Officer Mandrick pursued the truck.  *Id.*  Officer Mandrick states that he caught up to the truck and followed it at a speed of approximately 70 miles per hour, and he then activated his siren.  The truck traveled approximately 1.5 miles before pulling over to the shoulder of the highway next to a parked Catron County deputy sheriff.  *Id.*  Officer Mandrick states that he approached the truck and asked Defendant, the driver, to turn off the truck's engine, which he did.  Officer Mandrick asked Defendant for his identification, and Defendant stated that Officer Mandrick did not have authority to pull Defendant over.  Officer Mandrick asked for his identification again and Defendant stated that Officer Mandrick could not pull Defendant over.  Then Officer Mandrick told Defendant that if he did not produce his identification he would be arrested, and Defendant then produced his driver's license.  *Id.*  Officer Mandrick issued Defendant Violation Notice FBDI001K for violating 36 C.F.R. § 261.3(a).  *Id.* at 3-4.

At a later date, Officer Mandrick prepared two additional violation notices: FBDI001L, for violating 36 C.F.R. § 261.3(a), described as "resisting any forest officer;" and FBDI001M, for violating 36 C.F.R. § 261.54(f), described as "operating a vehicle carelessly/wrecklessly"

[sic].  *Id.* at 4.  Without submitting it to the Central Violations Bureau ("CVB"), Officer Mandrick voided out Violation Notice FBDI001K and reissued it under FBDI001L.  *Id.* at n.3.  On April 15, 2015, Defendant appeared for his initial appearance, and did not waive the reading of the two charges, both of which were read to him, along with the statements of probable cause, by Magistrate Judge Vidmar.  *Id.*  On June 12, 2015, the United States filed a Superseding Information charging Defendant with one count of violating 36 C.F.R. § 261.3(a): "Interfering with a Forest Officer, Volunteer, or Human Resource Program Enrollee or Giving False Report to a Forest Officer," and one count of violating 36 C.F.R. § 261.10(m): "Failing to stop a vehicle when directed to do so by a Forest Officer."  *Id.* and [*Doc. 1*].  The United States has elected not to proceed against Defendant on the original charge under 36 C.F.R. § 261.54, which is titled "National Forest System Roads," because the United States "opts to proceed on charges that do not relate to whether the conduct occurred on a National Forest System road."  [*Doc. 11* at 4-5, n.4].  Thus, the Superseding Information alleges a violation commencing at the point Officer Mandrick engaged his lights and siren and after the station wagon in front of him pulled over to let him by.

## Argument

In his motion to dismiss, Defendant contends that the Violation Notice for violation of 36 C.F.R. § 261.3 is fatally flawed because it "is utterly bereft of any statement establishing probable [cause], or the alleged act(s) giving rise to the asserted offense of 'resisting any forest officer charge,'" and fails to describe "the actions, events, conduct or other information as to how the regulation was violated."  [*Doc. 2* at 3].  Defendant further contends that Officer Mandrick did not have jurisdiction to issue a criminal citation because he only has jurisdiction over Forest Service lands and for crimes/offenses against the United States.  *Id.* at 6.

3

Defendant states that he continued to operate his vehicle "for approximately one mile" until he reached a safe turnout to pull over because of the road conditions where Officer Mandrick sought to pull Defendant over. *Id.* at 7. In addition, Defendant states that Officer Mandrick asked the Deputy Sheriff to sign off on the citation, but the Deputy Sheriff declined to do so. *Id.*

In response, the United States contends that the probable cause statements for each of the citations are sufficient. [*Doc. 11* at 5-6]. The United States further contends that Officer Mandrick had jurisdiction to issue Defendant a citation for violating 36 C.F.R. § 261.3(a) because, under 36 C.F.R. § 261.1(a)(1), Defendant's acts occurred in the National Forest System, and affected, threatened, and endangered both people using the National Forest System, as well as Officer Mandrick "as he was engaged in the protection, improvement, and administration of the National Forest System." *Id.* at 9-10. The United States relies on the case *United States v. Parker*, 761 F.3d 986, 990 (9th Cir. 2014) for its contention that Officer Mandrick had jurisdiction over Defendant's actions because Defendant committed acts in the National Forest System and endangered people using and protecting the National Forest System. *Id.* at 10.

In reply, Defendant contends that the United States' contention that Officer Mandrick had authority to stop Defendant on a state/county road because the highway happened to go through a National Forest is an incorrect reading of § 261.1. [*Doc. 9* at 3]. Plaintiff states that, "[i]f a Forest Service officer had authority to effect a stop for any reason on any road that ran through a National Forest -- despite such road being established as a county or state road -- the inclusion of 'National Forest System road' in section 261.1 would be unnecessary." *Id.* at 4. Plaintiff also contends that the facts in *Parker* are distinguishable. *Id.* at 5-6.

## Analysis

An "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment or information will be "sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (citation omitted). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citations omitted). "Pretrial dismissal based on undisputed facts is a determination that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. . . . Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *Id.* at 1068 (citation omitted).

Here, 36 C.F.R. § 261.3(a) prohibits "[t]hreatening, resisting, intimidating, or interfering with any forest service officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System." Section 261.10(m) prohibits "[f]ailing to stop a vehicle when directed to do so by a Forest Officer." The Court finds that the Superseding Information charging Defendant with violation of these regulations is insufficient under Rule 7(c)(1) because the undisputed evidence shows that,

5

as a matter of law, Defendant could not have committed these offenses.  With regard to § 261.3(a), the evidence shows that Defendant did not threaten, resist, intimidate, or interfere with Officer Mandrick or the performance of his official duties.  While the statement of probable cause attached to the citation for violation of § 261.3(a) states that Defendant did not pull over for 1.5 miles after Officer Mandrick had turned on his lights, and that Defendant initially refused to identify himself (*see Doc. 11-2* at 2), the United States fails to explain how either of these acts constitute resistance or interference with Officer Mandrick's official duties "in the protection, improvement, or administration of the National Forest System."  Moreover, the United States does not dispute Defendant's statement that he pulled over as soon as he thought it was safe to do so and that he eventually produced his identification to Officer Mandrick.  The United States also fails to explain how Officer Mandrick was engaged in an "official duty" by pursuing Defendant on what the United States fails to establish was a National Forest System road.  With regard to § 261.10(m), the United States inexplicably has charged Defendant with failing to stop a vehicle when directed to do so by a Forest Officer when Defendant <u>did</u> stop his vehicle, albeit less than two minutes later and one-and-a-half miles down the road at a safe location.  Therefore, because the undisputed evidence shows that Defendant did not interfere with Officer Mandrick's official duties and did not fail to stop, the Court finds that the Superseding Information charging Defendant with violation of §§ 261.3(a) and 261.10(m) is insufficient under Rule 7(c)(1).

In addition, the Court finds that Officer Mandrick did not have jurisdiction or authority to stop Defendant or issue him a citation.  The United States asks the Court to find that Officer Mandrick had jurisdiction to stop Defendant on U.S. Highway 180 based on the road's presence in the National Forest System.  *See* [*Doc. 11* at 10].  The United States contends that § 261.1(a)(1) provides jurisdiction because Defendant's acts occurred in the National Forest

System, and relies on *Parker* for this contention. *Id.* at 9-10. The Court finds that this argument fails. First, § 261.1(a)(1) states that the scope of the prohibitions include instances where: "An act or omission occurs in the National Forest System or on a National Forest System road or trail." The Court agrees with Defendant that reading § 261.1(a)(1) as the United States would have the Court read it would render the words "or on a National Forest System road or trail" superfluous. Second, the Court finds that the facts in *Parker* are distinguishable. In that case, the Ninth Circuit found that the Forest Service had jurisdiction to cite Mr. Parker for delivering snowmobiles without a special use authorization, even though his actions took place on a non-Forest Service road, and explained that Mr. Parker's commercial activity "like building a fire or launching a canoe, is one that has implications for National Forest land even if commenced on property adjacent to the forest." 761 F.3d at 990. The Ninth Circuit further explained that Mr. Parker's actions took place "in the National Forest System" for the purposes of § 261.1(a)(1) because, even though the Forest Service officer encountered Mr. Parker on the highway, Mr. Parker "led a group of his clients further into the National Forest on snowmobiles." *Id.* at 991. Here, the United States makes no showing that the actions for which Defendant was cited -- interfering with a forest officer and failing to stop -- had any implications for National Forest land. While the United States alleges that Defendant's actions endangered people using the Forest System and people protecting the Forest System (*see Doc. 11* at 10), none of the facts before the Court indicate that anyone was endangered during the 1.5 miles it took Defendant to pull over. There were no other vehicles between Defendant and Officer Mandrick. Moreover, if Officer Mandrick felt endangered by going 70 miles per hour while chasing Defendant, he should have let Defendant's alleged speeding and reckless driving be handled by an officer with jurisdiction to pull Defendant over for those violations, and the United States fails to explain why

Officer Mandrick did not call law enforcement to do so.  Therefore, in addition to finding that the Superseding Information is insufficient under Rule 7(c)(1), the Court also finds that Officer Mandrick did not have authority or jurisdiction to stop or cite Defendant on a non-Forest Service road for actions that did not implicate the Forest System.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's *Motion to Dismiss Charges and Memorandum of Law in Support (Doc. 2)* is **GRANTED** and the charges against Defendant are hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**