IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. 2:15-PO-00062-KG

ALVIN BRENT LANEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on appeal from the judgment of conviction and sentence of United States Magistrate Judge Stephan M. Vidmar. The Appellant, Defendant Laney, was convicted at a bench trial of failing to stop a vehicle when directed to do so by United States Forest Service (USFS) Law Enforcement Officer Christopher Mandrick (FSO Mandrick) in violation of 36 C.F.R. § 261.10(m).[1] Judge Vidmar sentenced the Defendant to penalties in the amount of $135.[2] Having reviewed the appeal and briefs, the Court affirms the judgment of conviction and sentence entered by Judge Vidmar.

I.    Standard of Review.

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." FED. R. CRIM. P. 58(g)(2)(B).[3] "The defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal

---

[1] "Failing to stop a vehicle when directed to do so by a Forest Officer" is prohibited.

[2] The judgment ordered Defendant to pay a $100 fine, a $10 assessment, and a $25 processing fee. (Doc. 50 at 2).

[3] Defendant inadvertently cited the Federal Rules of Criminal Procedure for interlocutory appeals, Rule 58(g)(2)(A), in his opening brief. (Doc. 58 at 1). Presumably, Defendant is appealing his conviction pursuant to subsection (B) of Rule 58(g)(2), appeal from a conviction.

to the court of appeals from a judgment entered by a district judge." FED. R. CRIM. P. 58(g)(2)(D).

The Court will review *de novo* the sufficiency of the evidence upon which a defendant was convicted, considering only whether a reasonable jury could find the defendant guilty beyond a reasonable doubt based on the direct and circumstantial evidence, taken with the reasonable inferences drawn from such evidence, and viewed in the light most favorable to the government. *United States v. McCane*, 573 F.3d 1037, 1046 (10th Cir. 2009) (quotation omitted). Instead of examining the evidence in parts, the Court "evaluate[s] the sufficiency of the evidence by considering the collective inferences to be drawn from the evidence as a whole." *United States v. Bader*, 678 F.3d 858, 873 (10th Cir. 2012) (internal quotations and citations omitted). Moreover, the Court's review of the evidence presented by the government at trial is "highly deferential" and does not involve assessing witness credibility or weighing conflicting evidence, as those tasks are reserved for the jury. *United States v. Bowen*, 527 F.3d 1065, 1076 (10th Cir. 2008).

II. Background.

On July 20, 2016, Defendant appeared for a bench trial before Judge Vidmar to face charges for interfering with a forest officer under 36 C.F.R. § 261.3(a)[4] (Count 1) and failing to stop a vehicle when directed by a forest officer in violation of 36 C.F.R. § 261.10(m) (Count 2). (Doc. 58 at 7). Judge Vidmar found Defendant not guilty of Count 1, but guilty of Count 2. *Id.*

On the afternoon of January 11, 2015, FSO Mandrick was on duty and traveling southbound on United States Highway 180 (Highway 180) in the Gila National Forest in a fully-

---

[4] "Threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System is prohibited."

2

marked USFS patrol vehicle. (Doc. 57 at 13-14). Near mile marker 15, FSO Mandrick observed a brown Ford pickup truck approaching from behind him at a high rate of speed. *Id.* at 16. The vehicle "tailgated" FSO Mandrick's patrol vehicle for approximately four miles before passing FSO Mandrick and another vehicle that was in front of FSO Mandrick near mile marker 19. *Id.* at 18-19. FSO Mandrick activated his patrol vehicle's overhead lights and the vehicle directly in front of FSO Mandrick immediately pulled over and stopped. *Id.* at 20. FSO Mandrick accelerated and continued pursuing the brown Ford. *Id.* He also activated his patrol vehicle's sirens. *Id.* Near mile marker 21, the driver of the brown Ford (identified as Defendant) crossed the oncoming lane of traffic and finally pulled over on the left side of the road near a parked Catron County sheriff's deputy. *Id.* at 21. The entire interaction between FSO Mandrick and Defendant took place within the boundaries of the Gila National Forest. *Id.* at 11.

III.   Defendant's Argument.

Defendant alleges that Judge Vidmar erred as a matter of law by failing to evaluate whether FSO Mandrick had the proper authority to stop Defendant on Highway 180. (Doc. 58 at 7-8). Although Highway 180 runs through USFS land, it is not specifically designated as a "National Forest System road or trail" pursuant to 36 C.F.R. § 261.2. (Doc. 58 at 4). The parties agree that the prohibition against "[f]ailing to stop a vehicle when directed to do so by a Forest Officer" applies when the act occurs in the National Forest System or on a National Forest System road or trail, and when the act "affects, threatens, or endangers a person using, or engaged in the protection, improvement or administration of the National Forest System or a National Forest System road or trail." 36 C.F.R. § 261.1(a)(1), (3).

Defendant argues that because the regulations contain both the terms "National Forest *System*" and "National Forest System *road*," each term must be given a distinct and substantive

3

effect. (Doc. 58 at 13) (emphasis added). In other words, "[i]f a Forest Service officer had authority to effect a stop for any reason on any road that ran through a National Forest – despite such road being established as a county or state road – the inclusion of 'National Forest System *road*' in section 261.1 would be unnecessary" and "the use of the phrase 'National Forest *System*' would then be sufficient to confer authority and jurisdiction on such Forest Service officers in any part of a National Forest regardless of a road's separate status." *Id.* (emphasis added). Defendant claims that because U.S. Highway 180 is neither a "National Forest System *road*," nor part of the "National Forest *System*," FSO Mandrick did not have any authority to stop Defendant. *Id.* at 9 (emphasis added). Defendant asserts that the government failed to prove that FSO Mandrick had proper authority for the stop, which was an essential element of the offense for which Defendant was convicted; therefore, his conviction should be overturned and the case dismissed. *Id.* at 7.

IV. Analysis.

    a. Whether FSO Mandrick Had The Authority To Stop Defendant.

Defendant attempts to distinguish the facts of this case from the limited available case law, arguing that Defendant's acts occurred on a state-owned and controlled highway, not on National Forest System *lands*, i.e. National Forest System or National Forest System road or trail. (Doc. 58 at 10) (emphasis added). In *Parker*, one of the only cases on point, a defendant was convicted of two counts of conducting a "work activity or service" on USFS land without proper authorization and one count of interfering with a FSO engaged in the performance of his duties. *United States v. Parker*, 761 F.3d 986 (9th Cir. 2014). According to Defendant, the Court found jurisdiction and authority in *Parker* based on the fact that the activities took place on "*National Forest land at the side of the Salmon la Sac highway*." (Doc. 58 at 10) (citing *Parker*,

4

761 F.3d at 990-91). Defendant also argues that in the present case, there is no "nexus between Defendant's alleged activity and protection of the Forest system, nor did the Court even evaluate this critical element even though the matter was thoroughly briefed." *Id.* at 11.

Defendant applies the law in *Parker* far too narrowly. First, the Forest Service has broad authority to regulate federal lands. *United States v. Vogler*, 859 F.2d 638, 641 (9th Cir. 1988). Second, the Court in *Parker* concluded that, "[t]he prohibitions of Part 261 apply when an act or omission occurs *in* the National Forest *System*…" *Parker*, 761 F.3d at 989 (9th Cir. 2014) (internal quotation marks omitted) (emphasis added). Third, "[i]t is well established that the Property Clause of the Constitution grants to the United States power to regulate conduct on *nonfederal lands* when reasonably necessary to protect adjacent federal property…" *Id.* at 990 (internal quotation omitted) (emphasis added). As the Ninth Circuit specifically explained in *Parker*, a right-of-way or an easement could remove a road from the definition of a "National Forest System road," without depriving the USFS of authority over the road. *Id.* "[E]xempting roads subject to an easement from the definition of 'National Forest System road or trail' was expressly meant not to 'in any way affect the Forest Service's jurisdiction *to enforce traffic laws*, to protect NFS lands underlying routes, or to regulate use, including use on valid rights-of-way.'" *Id.* (quoting Travel Management; Designated Routes and Areas for Motor Vehicle Use, 70 Fed.Reg. 68,264, 68,275 (Nov. 9, 2005) (emphasis added)). The *Parker* Court also provided several examples where the regulation of conduct on non-federal land was necessary to protect adjacent federal property in support of the larger premise that the USFS's authority and jurisdiction is broad. *Id.*

Applying the well-reasoned decision in *Parker* to this case, Defendant's argument that a Forest Service Officer lacks jurisdiction to enforce Section 261 prohibitions *within the National*

5

*Forest System* simply because the act or omission occurred on a state owned or controlled road rather than on a USFS road is without merit. Significantly, the regulations provide that the USFS retains jurisdiction and authority over a number of roads *outside* the National Forest System. The definition of a forest road or trail includes those roads or trails "wholly or *partly within* or *adjacent to and serving* the National Forest System" that the USFS needs jurisdiction and authority over "for the protection, administration, and utilization of the National Forest System and the use and development of its resources." 36 C.F.R. § 261.2 (emphasis added). Accordingly, the description, "National Forest System roads or trails," does not limit the USFS's authority, but rather describes the extent of its authority, including beyond the boundaries of the "National Forest System." 36 C.F.R. § 261.1(a).

The United States is correct that it did not matter whether Defendant failed to stop "on a National Forest System road, a forest road, at a campground, in the middle of the woods, or elsewhere" where Defendant's acts occurred "within the geographical boundaries of the Gila National Forest so that the violation occurred 'in the National Forest System' pursuant to § 261.1(a)(1)." (Doc. 62 at 16). Within the National Forest System, a USFS officer has proper jurisdiction and authority. The Court determines as a matter of law that FSO Mandrick had the proper authority to stop Defendant pursuant to 36 C.F.R. § 261.1(a)(1).

   b. <u>Whether Sufficient Evidence Supports The Conviction.</u>

It is uncontested that when FSO Mandrick attempted to stop Defendant, both parties were well within the bounds of the National Forest System. (Doc. 57 at 34). FSO Mandrick testified that he had just finished conducting fuel wood compliance and was *en route* to investigate illegal dumping when he encountered Defendant, activities conducted in FSO Mandrick's official capacity as an FSO. *Id.* at 13. FSO Mandrick also was driving in a marked USFS vehicle. *Id.* at

14. Accordingly, FSO Mandrick was engaged in the performance of his official duties as a law enforcement agent. *Id.* at 14.

FSO Mandrick testified that he observed the Defendant driving at a high rate of speed, tailgating, and passing in a no passing zone. *Id.* at 16-19. Based on his observations, FSO Mandrick engaged both his overhead lights and his siren. *Id.* at 19-20. FSO Mandrick testified that Defendant passed several places that he could have pulled over before he finally stopped. *Id.* at 20-21. Defendant acknowledged that he specifically chose to pull over and stop where he did based, in part, on the presence of a deputy sheriff witness at the selected location. *Id.* at 50.

Reviewing the evidence presented at trial in its entirety, and in the light most favorable to the government, a reasonable jury could find that Defendant's actions occurred both in the National Forest System, *and* affected, threatened or endangered a person engaged in the protection, improvement or administration of the National Forest System. 36 C.F.R. § 261.1(a)(1), (3). The Court further concludes that a reasonable jury could find beyond a reasonable doubt that Defendant failed to stop his vehicle when directed by a Forest Officer. 36 C.F.R. § 261.10(m). As a result, the Court concludes there is sufficient evidence to conclude that Defendant violated 36 C.F.R. § 261.10(m).[5]

V. <u>Conclusion.</u>

Viewing the record as a whole and the inferences to be drawn therefrom in the light most favorable to the United States, the Court finds that the evidence was sufficient for Judge Vidmar,

---

[5] The United States maintains that Defendant waived the argument related to Forest System roads at trial when defense counsel advised the Court that the road issue was "largely irrelevant," and that, alternatively, Defendant's failure to raise the issue before the trial court constitutes forfeiture of the argument. (Doc. 62 at 8, 10). Under these circumstances, the United States argues that plain error review would apply. *Id.* Because the Court finds sufficient evidence to support Judge Vidmar's decision, it is unnecessary to address the issues of waiver and forfeiture.

as the trier of fact, to find Defendant Laney guilty beyond a reasonable doubt of the offense of failing to stop when directed to do so by a forest officer.

    IT IS, THEREFORE, ORDERED that the judgment of the Magistrate Judge is affirmed.

_____
UNITED STATES DISTRICT JUDGE